UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASIE JO REINHARDT,

                Plaintiff,             Case No. 1:04-CV-105

v.                                        HON. DAVID W. McKEAGUE*

SHERIFF DWAIN DENNIS and
UNDER-SHERIFF DALE MILLER,
individually and in their official capacities;
THE COUNTY OF IONIA; and
BRANDON BALIS, in his individual and
official capacity,

                Defendants;

and

MICHIGAN MUNICIPAL RISK
MANAGEMENT AUTHORITY,
a municipal corporation,

                Intervening Plaintiff,

v.

BRANDON BALIS and
CASIE JO REINHARDT,

                Intervening Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES**

       On August 31, 2005, the Court issued a memorandum opinion and partial judgment order

granting the motion for summary judgment brought by defendants County of Ionia, Sheriff

_____

       * Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

Dwain Dennis and Under-Sheriff Dale Miller. As to plaintiff Casie Jo Reinhardt's federal civil rights claim against these defendants, the Court essentially determined that she had failed to adduce sufficient evidence that harm done by defendant Brandon Balis was proximately caused by the moving defendants' deliberate indifference. Plaintiff's state law claim against the moving defendants was dismissed without prejudice as the Court, in its discretion, declined to exercise continuing supplemental jurisdiction. Now before the Court is the motion of defendants Ionia County, Sheriff Dennis and Under-Sheriff Miller for attorney fees. As prevailing parties on plaintiff's federal civil rights claim, they contend they are entitled under 42 U.S.C. § 1988 to award of attorney fees in the amount of $128,872.50.[1]

Defendants undisputedly enjoy "prevailing party" status on plaintiff's federal civil rights claim. However, an award of attorney fees to a prevailing defendant and against a losing plaintiff in a civil rights action "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001), *quoting Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). Only on a finding that the action was "frivolous, unreasonable, or without foundation" should such an award be made. *Id*. In making this determination, the Court must resist the temptation to rely on hindsight and *post hoc* reasoning, and must focus on plaintiff's basis for filing suit. *Id*.; *Tahfs v. Proctor*, 316 F.3d 584, 596 (6th Cir. 2003).

---

[1] On September 30, 2005, the magistrate judge approved a stipulation between the parties giving plaintiff until December 16, 2005 to file her response to the motion. Finding plaintiff's response unnecessary to disposition of the motion, the Court proceeds to ruling without the need for a hearing or plaintiff's response.

There never was any question that plaintiff suffered injury warranting action against defendant Brandon Balis. Whether the County, the Sheriff and the Under-Sheriff might also be liable for the injury was a function of their knowledge of and deliberate indifference to Balis's alleged unconstitutional actions. The factual bases for these elements of plaintiff's civil rights claim could only be developed in discovery. The lawsuit was not, therefore, groundless and there is no indication that plaintiff's conduct of discovery was in any way unreasonable.

Upon completion of discovery, the resultant record was not totally devoid of factual support for plaintiff's claim against the County, the Sheriff, and the Under-Sheriff. The evidence was simply insufficient to make out a triable fact issue, as explained in the Court's partial summary judgment ruling. Accordingly, defendants were deemed entitled to judgment as a matter of law. The mere fact that plaintiff did not ultimately prevail, however, does not mean that the action was frivolous, groundless or otherwise unreasonable. *Tahfs*, 316 F.3d at 596. Simply put, there is nothing in plaintiff's filing or prosecution of this action that would justify calling it a "truly egregious case of misconduct."

Defendants' motion to impose the "extreme sanction" of assessing their attorney fees to plaintiff must therefore be and is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: October  5 , 2005                    /s/ David W. McKeague
                                            HON. DAVID W. McKEAGUE
                                            UNITED STATES CIRCUIT JUDGE

3